Mr. Justice Gantt
delivered the opinion of the court.
It is a singular circumstance that during all the month of July, and until the 24th of August, when the failure of Belany took place, there is no evidence of any application being made to the drawer by the holder of this bill. When a bill is drawn, payable within a specified time after sight, it is necessary, in order to fix the period when the bill is to be paid, to present it to the drawee for acceptance. In other cases, it is not incumbent on the holder to present it before it is due. (Chitty on Bills, 67.)
The rule in relation to bills, whether payable at sight or so many days after sight, or in any other manner, is, that due diligence must be used. The holder has no privilege to retain the bill in his possession far such a length of time as may occasion a loss to the drawer, but ought to present the bill as soon as possible, and it must be done y/ithin a reasonable time. What is reasonable time, depends upon the particular circumstances of the case : and it is for the jury to determine whether any laches' is imputable to the holder. As it was incumbent upon the holder of this bill to have presented it for acceptance within a reasonable < time ; so on refusal to accept, notice must be given as soon as possible to the persons on whom the holder means to resort for payment, or they will, in general, be totally discharged from responsibility. The case of the plaintiff does not fall within any of the exceptions to this rule. He did not prove on the trial of this case that the defendant, who insists on the want of notice, did not sustain damage by his neglect; for the law always presumes that the maker of a bill has effects in the drawees hands, and that the chance of obtaining satisfaction from the drawee is by the holder’s neglect to give notice rendered more precarious. In this case, the plaintiff has no possible excuse for the gross neglect which his conduct evinced. On his arrival in New-York, the drawee was in credit; the plaintiff resided with him, and was privy to his declining circumstances, and yet made no attempt to secure the payment of ihe bill. On the failure of the drawee, and not before, the *324 bill is protested for non-payment, and notice given to the drawer; seventy-four days having elapsed between the date of the bill, and the notice of its non-payment. A great part of which time the holder was in the habit of daily intercourse with the drawee, and on a footing of intimacy and friendship. Had the bill been duly presented for acceptance, as it ought tp have been, and not paid at the time it became due, the protest for non-payment should have been made on the day of refusal, and notice of the dishonor sent by the earliest ordinary conveyance, All that Was incumbent on the plaintiff to perform, might and ought to have been done, at farthest, before the middle of July; and yet he took no one step to obtain payment, as appears from the report of the evidence before the 24th of August. After a neglect so palpable and gross, he has justly saddled himself with the loss. The verdict of the jury was legally correct, and cannot now be disturbed: ar.4 this is the unanimous opinion of the court.
Justices Colcock, Mop, Johnson and Huger, concurred,, •